IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                                     24-CR-156-JLS

RASHAWN SALMON a/k/a Sean John,

        Defendant.

### GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW

**THE UNITED STATES OF AMERICA**, through its attorney, Michael DiGiacomo, United States Attorney for the Western District of New York, Timothy C. Lynch, Assistant United States Attorney, of counsel, hereby files, in accordance with the Court's Order, its response to defendant's September 4, 2025 supplemental memorandum of law addressing *Brady v. Maryland* and whether the defendant's allegation that he rented a hotel room alone is sufficient to establish an expectation of privacy in the hotel room.

### *Brady v. Maryland*

As noted in the government's September 3, 2025, memorandum of law, the government has complied with its *Brady* obligations with regard to the Kansas City and Baltimore/Virginia events. The defense continues to overlook that the information is not exculpatory just because it is not affirmatively incriminating. *United States v. Scarpa*, 913 F.2d 993, 1010-11 (2d Cir. 1990). For example, just because Korey Cornish and Kinnard Turner admitted to **their own** involvement in the cocaine reverse in Baltimore/Alexandria in July

2020, does not mean that they exculpated Rashawn Salmon as to his involvement in the cocaine deal.

The defendant's argument regarding instances when an individual "withholds" information during a proffer interview also misses the mark. Withholding information is not exculpatory; however, it would constitute *Giglio* material should the proffering individual testify at trial. *See United States v. Coppa*, 267 F.3d 131, 145-146 (2d Cir. 2001) (discussing the difference between *Brady* material and *Giglio* material and the required timing for such disclosures and holding "as a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request of the defendant").

Because the government has complied with its *Brady* obligations, the defendant's motion should be denied as moot.

**Baltimore Hotel Room**

The defendant continues to claim that by simply alleging that he rented the Baltimore hotel room, he established he had a reasonable expectation of privacy in the room and there is no need for him to allege any other facts relating to his use or control of the hotel room. The defendant's claim is incorrect.

In the defendant's supplemental memorandum of law, he cites several cases for the proposition that a hotel guest has an expectation of privacy in their hotel room. However, those cases are distinguishable from the legal question at hand. The legal question presented here is

2

whether the defendant's bare bones affidavit of standing is sufficient to satisfy his initial burden of establishing an expectation of privacy in Room 10119 at the Renaissance Hotel in Baltimore. It is not. The defendant's affidavit simply alleges that he rented Room 10119. He does not allege any facts regarding his access to the room, including whether he stayed in the room or even whether he used the room and could exclude others. While proof that Salmon rented the room is a factor to consider, that fact alone is not controlling. *See United States v. Salvucci*, 448 U.S. 83, 91 (1980) ("While property ownership is clearly a factor to consider in determining whether an individual's Fourth Amendment rights have been violated, property rights are neither the beginning nor the end of this Court's inquiry." (internal citations omitted)); *United States v. Perea*, 986 F.2d 633, 640 (2d Cir. 1993) (finding "*one who owns or lawfully posess[es] or controls a property will in all likelihood have a legitimate expectation of privacy by virtue of this right to exclude*" (emphasis in original)). Moreover, "[t]he burden of proving a reasonable expectation of privacy lies with the defendant." *United States v. Mancini*, 8 F.3d 104, 107 (1st Cir. 1993). Based on the defendant's conclusory affidavit, he has failed to allege facts sufficient for the Court to conclude that he had a legitimate expectation of privacy in Room 10119.

DATED: Buffalo, New York, October 1, 2025.

                              MICHAEL DIGIACOMO
                              United States Attorney

BY:    s/TIMOTHY C. LYNCH
         Assistant United States Attorney
         United States Attorney's Office
         Western District of New York
         138 Delaware Avenue
         Buffalo, New York 14202
         716/843-5846
         Timothy.Lynch@usdoj.gov