UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

UNITED STATES OF AMERICA,

v.

24-CR-156 (JLS) (MJR)

RASHAWN SALMON, a/k/a Sean John,

Defendant.

---

### DECISION AND ORDER

Defendant Rashawn Salmon is charged in a five-count superseding indictment with narcotics conspiracy, possession with intent to distribute 400 grams or more of fentanyl within 1,000 feet of a playground, possession with intent to distribute 100 grams or more of a fentanyl analogue within 1,000 feet of a playground, maintaining a drug-involved premises within 1,000 feet of a playground, and possession of a firearm in furtherance of a drug trafficking offense. Dkt. 50. On December 11, 2022, United States Magistrate Judge Michael J. Roemer was designated to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 17.

On March 3, 2025, Defendant filed motions (1) to suppress the fruits of GPS tracker warrants; (2) to suppress the fruits of the Apple, Inc. Order; (3) to suppress the fruits of the search of his residence and business; (4) for a *Franks* hearing; (5) for the identification of witnesses and confidential informants; (6) for a bill of particulars; (7) for Rule 12 notice and Rule 16 discovery; (8) for Jencks Act disclosure; (9) for disclosure pursuant to Rules 404(b), 608, and 609 of the Federal Rules of Evidence;

and (10) for leave to make further motions. Dkt. 29. The Government filed its response in opposition, Dkt. 33, in which it filed a motion for reciprocal discovery, *id.* at 29–30, and Defendant replied, Dkt. 38. Defendant then filed a motion to compel the Government to produce unredacted search warrant affidavits, Dkt. 39, which was later supplemented, Dkt. 45. The Government opposed this motion, Dkt. 46, and Defendant replied, Dkt. 48. Judge Roemer denied this motion to compel, Dkt. 39, along with its supplement, Dkt. 45, after oral argument on May 6, 2025. Dkt. 49. Subsequently, Defendant filed further pre-trial motions, including motions for (1) disclosure of *Brady* material and related documents; (2) the suppression of the fruits of the July 2020 search of Defendant's hotel room in Baltimore, Maryland; (3) dismissal of count five of the indictment; and (4) the defense to be allowed to inspect, including for DNA testing, the firearm and ammunition allegedly found in the Baltimore hotel room. Dkt. 60. The Government responded, Dkt. 61, and Defendant replied, Dkt. 63. Judge Roemer held oral argument on August 20, 2025, and requested supplemental briefing, Dkt. 64, which the parties submitted, Dkts. 66, 68, 69, 70.

On November 3, 2025, Judge Roemer issued a Report and Recommendation ("R&R"), recommending that (1) Defendant's motion to suppress the fruits of the GPS tracker warrants be denied, Dkt. 71 at 4–7; (2) Defendant's motion to suppress the fruits of the Apple, Inc. Order be denied, *id.* at 26–28; (3) Defendant's motion to suppress the fruits of the search of his residence and business be denied, *id.* at 7–15; (4) Defendant's motion for a *Franks* hearing be denied, *id.* at 15–21; (5) Defendant's motion for the identification of witnesses and confidential informants be denied, *id.* at 33–35; (6) Defendant's motion for a bill of particulars be denied, *id.* at 41–43; (7)

Defendant's motion for Rule 12 notice and Rule 16 discovery be denied as moot, though the Government's notice and discovery obligations under Rules 12 and 16 will otherwise continue through trial, *id.* at 31–33; (8) Defendant's motion for *Jencks* disclosure be denied as moot, *id.* at 43; (9) Defendant's motion for disclosure pursuant to Rules 404(b), 608, and 609 of the Federal Rules of Evidence be denied as moot, *id.* at 44; (10) Defendant's motion for leave to file further motions be granted to the extent it is based on new information or evidence and denied without prejudice for other motions that may be brought upon a showing of good cause, *id.* at 44–45; (11) the Government's motion for reciprocal discovery be granted, with Defendant's disclosure obligations continuing through trial, *id.* at 45; (12) Defendant's motion for disclosure of *Brady* and *Giglio* material be denied as moot, though the Government will have continuing *Brady* and *Giglio* disclosure obligations, *id.* at 35–40; (13) Defendant's motion to suppress the fruits of the search of his Baltimore hotel room be denied, *id.* at 21–26; (14) Defendant's motion for dismissal of count five of the indictment be denied, *id.* at 28–30; and (15) Defendant's motion to inspect, including for DNA testing, the firearm and ammunition allegedly found in the Baltimore hotel room be denied as moot, though parties are directed to continue working together to facilitate defense counsel's request for firearm, ammunition, and DNA testing, *id.* at 44.

Plaintiff objected to the R&R. Dkt. 77. He argues that the R&R erred in denying (1) Defendant's motion to suppress the fruits of the search of his home and business, *id.* at 3–12; (2) Defendant's request for a *Franks* hearing, *id.* at 12–16; (3) Defendant's motion to suppress the fruits of the search of his Baltimore hotel room, *id.* at 17–22; and (4) Defendant's motion for the disclosure of the identity and related

3

information of confidential informants, *id.* at 22–26. The Government responded, Dkt. 78, and Defendant replied, Dkt. 81.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). As for non-dispositive matters, a district court must consider timely objections to a magistrate judge's order and modify or set aside any part of the order that is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(a). Here, Defendant's motions to suppress, motion for a *Franks* hearing, and motion to dismiss count five of the indictment are dispositive. The remaining motions are non-dispositive.

The Court has carefully reviewed the thorough R&R, the record in this case, the objections and responses, and the materials submitted by the parties. Based on a *de novo* review, the Court accepts and adopts Judge Roemer's recommendation to deny Defendant's motions to suppress, Defendant's motion for a *Franks* hearing, and Defendant's motion to dismiss count five of the indictment.

In addition, after reviewing Judge Roemer's R&R and the relevant material, the Court is unable to conclude that Judge Roemer's decisions regarding the remaining motions in this case were clearly erroneous or contrary to the law. *See* Fed. R. Crim. P. 59(a). Thus, for the reasons stated above and in the R&R, this Court affirms Judge Roemer's order as to the remaining motions.

## CONCLUSION

For the reasons stated above and in the R&R, the Court DENIES Defendant's motions to suppress, Defendant's motion for a *Franks* hearing, and Defendant's motion to dismiss count five of the indictment. The Court AFFIRMS Judge Roemer's order as to the remaining motions.

SO ORDERED.

Dated:   March 2, 2026
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE